[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISIONRE MOTION TO QUASH NON PARTY SUBPOENA ANDOBJECTION TO PRODUCTION OF RECORDS WITH ORDER (No. 199)
This motion raises involves an attempt to discover fee payment information from an attorney.
The plaintiff alleges that the defendants — Clement Passariello, Joseph Ignoffo, and David Green — conspired to assault him in 1989. As part of his discovery, the plaintiff has served a subpoena duces tecum on Green's attorney requesting "any and all records regarding payment of your fee(s) for representation of David Green . . . from 1990 until the present time, including . . . the names and addresses of the person(s) paying said fee(s)." Green's counsel has moved to quash the subpoena, citing the attorney-client privilege. No constitutional arguments have been presented to the court. The motion was heard on February 17, 1998. For the reasons briefly stated below, the motion must be denied.
"[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges, and its preservation is essential to the just and orderly operation of our legal system."United States v. Bauer, 132 F.3d 504, 510 (9th Cir. 1997). In spite of this importance, "[t]he traditional and still generally applicable rule denies the privilege for the fact of consultation or employment, including . . . the payment and amount of fees." 1 McCormick on Evidence § 90 at 30-31 (4th ed. 1992). See Gerald B. Lefcourt, P.C.v. United States, 125 F.3d 79, 86 (2d Cir. 1997).
This rule is a function of the underlying rationale of the privilege. The purpose of the privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice." Upjohn Co. v. UnitedCT Page 2173States, 449 U.S. 383, 389 (1981). "Revealing . . . fee payment information does not thwart or prejudice the attorney-client relationship, which remains at the heart of the privilege." Vingelli v. United States, 992 F.2d 449,454 (2d Cir. 1993). "While consultation with an attorney, and payment of a fee, may be necessary to obtain legal advice, their disclosure does not inhibit the ordinary communication necessary for an attorney to act effectively, justly, and expeditiously."In re Grand Jury Subpoena, 781 F.2d 238, 247-48 (2d Cir.) (en banc), cert. denied, 475 U.S. 1108 (1986).
Although there are limited exceptions to the rule that fee payment information is not privileged, no valid exception is implicated by the facts presented here. Green's attorney primarily relies on the exception articulated in UnitedStates v. Hodge Zweig, 548 F.2d 1347, 1353 (9th Cir. 1977), that a fee arrangement may be privileged where the person invoking the privilege can show that a strong probability exists that disclosure of such information would implicate the client in the very criminal activity for which legal advice was sought. TheHodge Zweig exception has, however, been squarely rejected by later case law. See. e.g., In re Osterhoudt,722 F.2d 591, 593 (9th Cir. 1983). That exception would not assist Green's attorney here in any event, for this is a civil case, and there is no showing that Green sought legal advice from the counsel in question because of criminal charges.
The real concern voiced by Green's attorney is that the fee payment information here, if disclosed, will be prejudicial to either Green or the payor (assuming that they are different persons) in this litigation. Although this concern is understandable, it can hardly form the basis of a privilege. Parties in civil litigation routinely seek to discover information that they hope will be useful to them and prejudicial to their opponents. That is the whole purpose of discovery.
The real issue in a case involving the question of privilege is not the potential harm to the client but the potential harm to the interests underlying the privilege. See 1McCormick on Evidence, supra, § 90 at 331-32. The communication interests underlying the attorney-client privilege will be harmed by disclosure of fee arrangements only if the net effect of the disclosure would be to reveal the nature of a client communication, Id. There has been no CT Page 2174 showing that the discovery sought here would have any such effect.
The motion must consequently be denied.
Jon C. Blue Judge of the Superior Court